UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATYA L. CALIXTRO

    Plaintiff,

vs.

    Case No.: _____

LIBERTY MUTUAL FIRE INSURANCE COMPANY

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Liberty Mutual Fire Insurance Company ("Liberty"), pursuant to 28 U.S.C. § 1441 *et seq.*, removes Plaintiff, Katya L. Calixtro ("Plaintiff") action, filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

**I.    The State Court Action**

1. This is an action arising out of a claim for purported breach of insurance contract in the matter of Katya L. Calixtro v. Liberty Mutual Fire Insurance Company, Case No. 2022-CA-005637-O ("State Court Action").

2. On June 24, 2022, Plaintiff, served the complaint to Liberty. A copy of the Notice of Process is attached hereto as **EXHIBIT A.**

3. Plaintiff alleges that the property, located at 4712 Hearthside Dr. Orlando, FL 32837-5446 ("property"), sustained hail damage to the roof and interior water damages ("the loss").

4. Liberty assigned claim no. 048124246 to the loss.

5. This Notice of Removal is timely filed within 30 days of receipt of the original complaint, pursuant to 28 U.S.C. §1446(b).

6. On July 15, 2022, Plaintiff sent a global settlement demand of $84,060.00 (Eighty-Four Thousand and Sixty Dollars). (**EXHIBIT B**.)

7. Thus, this Notice of Removal is also timely filed within thirty (30) days of the global settlement demand of $84,060.00 (Eighty-Four Thousand and Sixty Dollars), pursuant to 28 U.S.C. §1446(b)(3) ("other paper").[1]

8. This case is removed to the United States District Court for the Middle District of Florida, Orlando Division because the State Court Action was brought in Orange County, Florida. 28 U.S.C. §§ 1441(a); M.D. Local Rule 1.06.

9. Pursuant to 28 U.S.C. § 1446(a) requires Liberty to file copies of all process, pleadings, and orders served upon it. Those documents are attached hereto. (**EXHIBIT C**.)

## II.  Jurisdiction

10. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

### A.  The Parties are Citizens of Different States.

11. There is complete diversity of citizenship.

---

[1] ". . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

12. Plaintiff is a citizen of Florida.

13. Pursuant to 28 U.S.C. § 1332(c)(1), Liberty Mutual Fire Insurance Company is a citizen of Wisconsin and Massachusetts by virtue of being a corporation organized under the laws of Wisconsin with its principal place of business in Boston, Massachusetts 175 Berkeley Street, Boston, Massachusetts.

**B.    The Amount in Controversy Exceeds $75,000.**

14. In this case, the amount in controversy exceeds $75,000, exclusive of interest and costs. "In determining whether subject matter jurisdiction exists, the Court must focus on the amount in controversy at the time of removal, not at a later point." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

15. "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Koppey v. Liberty Mut. Fire Ins. Co.*, 2020 WL 13389220, at *1 (S.D. Fla. Dec. 31, 2020) (citation and quotation). Where, as in this case, the complaint alleges an unspecified amount of damages, "the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *Id.* (citing *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. Nov. 26, 2013)); *Deal v. Evangelical Lutheran Good Samaritan Soc'y*, 6:14-CV-7-ORL-28KRS, 2014 WL 12618704, at *2 (M.D. Fla. April 25, 2014) ("Settlement demand letters

3

that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party and considered by courts for purposes of determining whether diversity jurisdiction exists. Some courts have found demand letters to be 'legally certain evidence' that the amount in controversy meets federal jurisdictional requirements.").

16. In addition, this Court "may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy." *Id.* (quoting *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing")). Moreover, "'defendants may submit a **wide range** of evidence in order to satisfy the jurisdictional requirements of removal,' including 'affidavits, declarations, or other documentation.'" *Id.* (quoting *Pretka*, 608 F.3d at 755) (emphasis added).

17. Concerning the use of settlement demands to establish diversity jurisdiction, "[c]ourts routinely permit 'the use of post-suit demand letters in determining the amount in controversy requirement.'" *See Musser v. Walmart Stores E., L.P.*, No. 1:16-CV-62231, 2017 WL 1337477, at *3 (S.D. Fla. Apr. 12, 2017)) (quoting *Saberton v. Sears Roebuck & Co.*, 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005)). In this case, the Court may consider the global settlement demand of **$84,060.00** (Eighty-Four Thousand and Sixty Dollars).

18. Here, Plaintiff provided the basis for the global settlement demand of **$84,060.00** (Eighty-Four Thousand and Sixty Dollars). On July 15, 2022, Plaintiff attached the Copperfield Public Adjusters estimate (EXHIBIT B.)

19. Therefore, Liberty established that the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, removal is proper.

### III. Conclusion

20. Liberty removes this case to the United States District Court for the Middle District of Florida, Orlando Division.

21. Liberty demands trial by jury on all issues so triable.

22. Promptly after filing this notice of removal, Liberty will give written notice to all adverse parties and will file a copy of this notice with the clerk of the State court, pursuant to 28 U.S.C. §1446(d).

Dated: July 20, 2022.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

---

MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 48109
Primary email: mlavisky@butler.legal
LATASHA L. SCOTT, ESQ.
Florida Bar No: 52316
lscott@butler.legal
kbrock@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant, Liberty Mutual Fire Insurance Company*

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

Tamara Braz, Esq.
The Lawgical Firm
8865 Commodity Circle, Suite 12
Orlando, FL 32819
tbraz@thelawgicalfirm.com
michaelm@thelawgicalfirm.com
Counsel for Plaintiff

David A. Dube, Esq.
The Lawgical Firm
8865 Commodity Circle, Suite 12
Orlando, FL 32819
ddube@thelawgicalfirm.com
michaelm@thelawgicalfirm.com
Counsel for Plaintiff

on July 20, 2022 via e-Portal

---

Attorney